Kenwar, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

96

Argued December 4, 1978, before Judges CRUM-
LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*William M. Musser, III,* with him *Rengier, Musser
& Stengel,* for appellant.

*Michael D. Klein,* Assistant Attorney General, with
him *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 29, 1979:

Kenwar, Inc. (employer) appeals from the award
of unemployment compensation benefits to June F.
Johnson (Claimant). The Bureau of Employment Se-
curity had denied benefits under Section 402(b)(1) of
the Unemployment Compensation Law[1] on the ground
that the claimant had voluntarily quit her employment
without cause of a necessitous and compelling nature,
and this determination was affirmed by a referee, but
reversed by the Unemployment Compensation Board
of Review (Board).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §802(b)(1).

On September 23, 1976, the claimant received permission from her employer to attend a funeral on the following day, which was a Friday, but the claimant notified her employer on that day that she was then ill and would be seeing a doctor instead of attending the funeral as planned. The employer's secretary called the claimant later that day to remind her that she would be required to get a medical certificate from the doctor to legitimize her absence. On Sunday, September 26, the claimant called the employer at his home and informed him that she had not been to the doctor because she had begun to feel better and that she therefore would have no medical excuse to present on returning to work on Monday. She testified that her employer insisted upon her obtaining an excuse if she wanted to return to work on Monday. She did not obtain one, nor did she return to work.

The Board found that

[s]ince the claimant did not present a medical certificate she was not allowed to continue her employment.

It then concluded that, inasmuch as the employer's demand for such certificate under the circumstances here indicated was unreasonable, it was therefore cause of a necessitous and compelling nature for the claimant's quitting. We disagree.

In the first place, the Board's finding that the claimant was not allowed to return to work seems, to us, inconsistent with a conclusion that she voluntarily terminated her employment[2] and with her own testi-

---

[2] In fact, this finding implies that she was terminated by her employer, a position for which there may be some support in the record. If she had been discharged, then the issue for the compensation authorities would be whether she was discharged for willful misconduct under Section 402(e). However, the parties have proceeded throughout the case on the theory of voluntary quit, and we have no authority to substitute on appeal a legal issue entirely different from that litigated below.

mony that she had quit.[3] In the second place, the claimant was told on the day she called in to report that she was ill that a doctor's excuse would be required upon her return, and she had previously indicated to her employer that she was going to visit a doctor. That she later chose not to do so, of course, prevented her receiving the required excuse, but this was a situation brought about by her own personal decision. We believe, therefore, that the circumstances of her quitting cannot be held to constitute cause of a necessitous and compelling nature.

The order of the Board granting benefits is therefore reversed.

ORDER

AND Now, this 29th day of May, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

---

[3] The testimony was as follows:

[Referee] : Alright, in other words, you voluntarily terminated your own employment because you could not produce a doctor's certificate is that correct?

[Claimant] : I guess.

[Referee] : Well now, I am asking you, I want you to decide.

[Claimant] : Yes.